1  Edward J. Wynne (165819)
   ewynne@wynnelawfirm.com
2  WYNNE LAW FIRM
   Wood Island
3  80 E. Sir Francis Drake Blvd., Ste. 3-G
   Larkspur, CA 94939
4  Telephone: (415) 461-6400
   Facsimile: (415) 461-3900

5  James F. Clapp (145814)
6  jclapp@clapplegal.com
   CLAPP & LAUINGER LLP
7  701 Palomar Airport Road, Suite 300
   Carlsbad, CA 92011
8  Telephone:  (760) 209-6565
   Facsimile: (760) 209-6565

9  Attorneys for Plaintiff ANKIT SAHU,
10 individually and on behalf of all others
   similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANKIT SAHU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 16-cv-4982<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **California Bus. & Prof. Code § 17200**<br>2. **California Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8)**<br>3. **California Labor Code § 203**<br>4. **California Labor Code §§ 226, 1174, 1174.5**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

**INTRODUCTION**

1. Plaintiff Anki Sahu ("Plaintiff"), by and through his attorneys, make the following allegations upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

2. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of current and former employees of Defendant UBS Financial Services Inc. ("UBS" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, (which position includes the titles "Financial Consultant," "Securities Broker," "Stockbroker," "Investment Advisor," and/or "Investment Representative") (collectively referred to as "Financial Advisor") who worked in California at any time within the last four years of the filing of this action and who suffered damages as a result of Defendant's violations of California labor laws, including: (1) unlawful pay deductions; (2) failure to reimburse reasonable and necessary business expenses; (3) failure to provide accurate itemized wage statements; and, (4) failure to timely pay wages at termination.

**PARTIES**

3. Plaintiff Sahu is a citizen of the State of California. Sahu is a former UBS Financial Advisor who worked in San Francisco, California within the three years preceding the filing of this action.

4. During the Class Period, Defendant UBS Financial Services Inc., was and is a Delaware corporation with its principal place of business in New Jersey. UBS transacts business in this judicial district.

5. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

6. All of Plaintiff's claims stated herein are asserted against Defendant and any of its owners, predecessors, successors, subsidiaries, and/or assigns.

## VENUE AND JURISDICTION

7. Venue is proper in this Court because Plaintiff was employed in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because this is a class action, there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Furthermore, none of the exceptions in 28 U.S.C. § 1332(d) applies.

## CLASS ALLEGATIONS

9. Plaintiff brings this action on behalf of himself and on behalf of the proposed Class and subclass, pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff Sahu seeks certification of the following Class and Subclass:

    a. Class:

    All individuals employed by Defendant as a Financial Advisor, Financial Consultant or the functional equivalent however titled in California at any time from four years prior to the filing of this Complaint to the time the case is certified as a class action.

    b. Waiting Time Subclass:

    All individuals employed by Defendant as a Financial Advisor, Financial Consultant or the functional equivalent however titled in California at any time from three years prior to the filing of this Complaint to the time the case is certified as a class action, whose employment with Defendant ends before the case is tried to judgment.

11. As a result of Defendant's violation of California law, Plaintiff and the other members of the proposed Class and Subclass (together the "Class") were unlawfully under-compensated for their work and damaged thereby.

12. Numerosity. Plaintiff is informed and believes and thereon alleges that the members of the proposed Class are so numerous that joinder is impractical.

13. Typicality and Adequacy. There are questions of law and fact common to Plaintiff and the other members of the proposed Class he represents, and therefore, Plaintiff is

similarly situated to the other members of the proposed Class he represents and is an adequate representative of the proposed Class. Plaintiff's claims are typical of the claims of the other members of the proposed Class he represents. Plaintiff suffered similar injuries as those suffered by the other members of the Class he represents as a result of Defendant's common policies and practices regarding the payment of wages. In addition, Plaintiff will fairly and adequately protect the interests of the members of the Class he represents. Plaintiff has no interest that is adverse to the interests of the other Class members. Plaintiff has retained attorneys who are competent and experienced in the prosecution of wage and hour class action litigation.

14. <u>Ascertainability</u>. The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendant's payroll and personnel records.

15. <u>Commonality</u>. There are common questions of law and fact that predominate over questions which may affect only individual members of the proposed Class, including but not limited to, the following:

   a. whether Defendant's policies and procedures for deducting from commissions or other wages is unlawful;

   b. whether Class members incurred business related expenses that were reasonably necessary and whether Defendant had a policy and practice of not reimbursing Class members for such expenses; and,

   c. whether Defendant's failure to pay all wages due and owing to Class members at time of termination was willful.

16. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the proposed Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the proposed Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to

them while an important public interest will be served by addressing the manner as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Defendant sold and sells securities and other financial products with offices nationwide and in this judicial district.

18. Plaintiff and other Financial Advisors were primarily engaged in sales of financial products to individuals.

19. Plaintiff and all Financial Advisors were covered by Defendant's Compensation Plan. The Compensation Plan sets forth Defendant's compensation policies and procedures applicable to all Financial Advisors.

20. Defendant willfully, intentionally and knowingly did not provide Plaintiff and other Financial Advisors with accurate itemized statements showing all of the information required pursuant to Labor Code §§ 226 and 1174 and Plaintiff and other Financial Advisors were injured thereby.

21. Defendant has maintained policies and practices that require Financial Advisors to subsidize the pay of Defendant's Client Service Associates by requiring Financial Advisors to divert a portion of their compensation to the Client Service Associates.

22. Defendant has maintained company-wide policies and/or practices that require Financial Advisors to pay the ordinary business expenses of Defendant without reimbursement. Defendant's policy and practice of having Class members pay for Defendant's ordinary business expenses causes Class members to forfeit their wages to Defendant.

23. Plaintiff and other formerly employed Financial Advisors were not timely and properly paid all of their wages at time of termination. Plaintiff and other formerly employed Financial Advisors did not absent or secret themselves from timely and properly receiving their final wages at time of termination.

## FIRST CAUSE OF ACTION

### Bus. & Prof. Code § 17200 *et seq.*

24. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

25. California Labor Code §§ 221, 223, 400-410, 2802, and Title 8 of the California Code of Regulations, § 11040(8) as well as various California Supreme Court and appellate court decisions, generally state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to the employee.

26. Plaintiff and the members of the proposed Class have been forced to pay the business expenses of Defendant without reimbursement by Defendant. These expenses include, without limitation, the costs of settlements, judgments, awards, and errors, the wages of Client Service Associates and other support staff and ordinary business expenses. These types of expenses were reasonable and necessarily incurred by Plaintiff and the members of the proposed Class. Defendant's policy and practice of having Class members pay for Defendant's ordinary business expenses causes Class members to forfeit their wages to Defendant.

27. Defendant has committed an act of unfair competition by illegally deducting these amounts from the wages of Plaintiff and the members of the proposed Class and/or failing to reimburse these amounts to Plaintiff and the members of the proposed Class.

28. Pursuant to Business & Professions Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all wage deductions and unreimbursed business expenses due to him and the members of the Class in an amount to be proved at hearing.

## SECOND CAUSE OF ACTION

### Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8)

29. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

30. Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

31. Labor Code § 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

32. Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

33. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

34. Title 8 of the California Code of Regulations, § 11040(8), states, "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

35. These and related statutes are designed to prevent employers from using secret deductions or other accounting practices to drive down the wage scale or pay employees less than the stated wage. They also reflect California's fundamental and substantial public policy protecting employee wages.

36. Plaintiff and the members of the proposed Class were subject to deductions from their compensation by Defendant which were not the result of dishonest, willful, or grossly negligent acts by those employees, but instead were the ordinary costs of doing business. Defendant was obligated to indemnify Plaintiff and the other members of the Class for such expenses as the costs of settlements, judgments, awards and errors, the wages of Client Service Associates and other support staff and ordinary business expenses. These expenses were reasonable and necessarily incurred by Plaintiff and the members of the proposed Class. Defendant's policy and practice of having Class members pay for Defendant's ordinary business expenses caused Class members to forfeit their wages to Defendant.

37. Defendant unlawfully charged and failed to reimburse its Financial Advisors in

violation of Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. Tit. 8, § 11040(8) and Plaintiff and similarly situated members of the Class are entitled to reimbursement for, and repayment of, these deductions, plus interest and attorneys' fees and costs.

38. As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 2802(c).

### THIRD CAUSE OF ACTION

### Labor Code § 203

39. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

40. Plaintiff brings this claim on behalf of himself and the Subclass defined above.

41. Labor Code § 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

42. Plaintiff and other Subclass members were discharged by Defendant or voluntarily quit. Defendant, in violation of California Labor Code §§ 201 and 202 *et seq.*, has a consistent and uniform policy, practice and procedure of willfully failing to timely pay the wages to its former employees. Plaintiff and other Subclass members did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.

43. As a result of Defendant's violations of Labor Code §§ 201-202, Defendant is liable for waiting time penalties to Plaintiff and the members of the Subclass.

### FOURTH CAUSE OF ACTION

### Labor Code §§ 226, 1174, and 1174.5

44. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

45. Defendant, as a matter of corporate policy did not maintain or provide accurate itemized pay statements in violation of Labor Code §§ 226 and 1174.

46. For instance, Defendant did not state or did not accurately state, *inter alia*, all deductions in Plaintiff's and other Financial Advisors' pay statements. Defendant's failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendant's custom, habit, pattern and practice. Defendant's failure to maintain accurate itemized statements was not the result of isolated, sporadic or unintentional behavior. Due to Defendant's failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiff and other Financial Advisors were injured thereby.

47. Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiff and the members of the Class for all damages and penalties pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For an Order certifying the proposed California Subclass and Waiting Time Subclass and designating this action as a class action pursuant to Fed.R.Civ.P. 23;
2. For an Order appointing Plaintiff and his counsel to represent the proposed subclasses, as defined herein;
3. For compensatory damages according to proof;
4. For an Order requiring Defendant to make restitution of all wages that were illegally withheld;
5. For an Order requiring Defendant to make restitution of all unreimbursed business related expenses that Plaintiff and the proposed Class were required to incur for Defendant's benefit;
6. For an Order requiring Defendant to make restitution of all wages that were unlawfully deducted by Defendant;
7. For an Order requiring Defendant to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation

| | | |
|---|---|---|
| 1 | | due to Plaintiff and the other members of the proposed Class; |
| 2 | 8. | For interest according to proof; |
| 3 | 9. | For penalties and liquidated damages alleged herein; |
| 4 | 10. | For reasonable attorneys' fees and costs; and, |
| 5 | 11. | For such other relief the Court deems just and proper. |

DATED:  August 30, 2016          WYNNE LAW FIRM
                                 CLAPP & LAUINGER LLP


                                  */s/Edward J. Wynne*
                                 By: Edward J. Wynne

                                 Attorneys for Plaintiff ANKIT SAHU
                                 individually and on behalf of all others similarly
                                 situated

**DEAMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: August 30, 2016

WYNNE LAW FIRM
CLAPP & LAUINGER LLP

*/s/Edward J. Wynne*
By: Edward J. Wynne

Attorneys for Plaintiff ANKIT SAHU individually and on behalf of all others similarly situated